TYMKOVICH, Chief Judge,
concurring in part and dissenting in part:
I join the majority except as to its holding that Officer Davis is entitled to qualified immunity.
In concluding that a reasonable officer with Officer Davis’s vantage point could have thought there was probable cause, the majority decides a factual dispute that should be submitted to a jury. Shimomu-ra alleges that Officer Davis could not reasonably perceive evidence of intent or recklessness. He also alleges that the officer could not reasonably perceive evidence of bodily injury, such as pain. If that version of the facts is true, then there was neither actual nor arguable probable cause to believe Shimomura had committed assault within the agreed-upon meaning of the ordinance. That satisfies Shimomura’s initial burden to allege a clearly established violation of a constitutional right. See Fogarty v. Gallegos, 523 F.3d 1147, 1158-59 (10th Cir.2008) (“In the context of an unlawful arrest our analysis is simple, for the law was and is unambiguous: a government official must have probable cause to arrest an individual.” (brackets and internal quotation marks omitted)). It also places a new burden on Officer Davis, on his motion for summary judgment based on qualified immunity, to show that Shimomura’s version of the facts is wrong — that is, that an officer could have reasonably perceived evidence of bodily injury and intent or recklessness. Officer Davis has not met that burden.
The majority concludes that a person standing at Officer Davis’s vantage point could have perceived the requisite evidence, but that is not beyond dispute. Recently, in Tolan v. Cotton, — U.S. -, 134 S.Ct. 1861, 188 L.Ed.2d 895 (2014), the Supreme Court reversed a finding of qualified immunity because the appellate court had resolved disputed factual propositions in favor of the moving officer. Most notably, the Court indicated that disputed questions about what facts an officer should have perceived are appropriate for a jury:
The court noted, and the parties agree, that while Cotton was grabbing the arm of his mother, Tolan told Cotton, “[G]et your [f* * *ing] hands off my mom.” But Tolan testified that he “was not screaming.” And a jury could reasonably infer that his words, in context, did not amount to a statement of intent to inflict harm.
Id. at 1867 (emphasis added) (citations omitted). This illustrates the divide between determining whether there was probable (or arguable probable) cause and determining the facts that support probable cause. Just as a jury in Tolan should have decided whether the undisputed words, in context, seemed threatening, a jury here should decide whether the undisputed contact, in context, seemed intentional or capable of causing bodily injury.
*363 We do not know what Officer Davis saw from his angle. All we have is the video, Shimomura’s complaint, and affidavits presented on summary judgment. Those materials do not definitively settle the facts in Officer Davis’s favor. A jury could find that even given his angle and how little time he had to process what had happened, it was unreasonable to think the contact was intentional or reckless. And a jury most certainly could find that there was no evidence of bodily injury. Having watched the video, I find it dubious that anyone viewing the contact from any angle could have reasonably thought that Agent Carlson felt pain. Although she later reported pain, it appears that this was not until after Shimomura’s arrest.
For those reasons, I respectfully dissent as to the conclusion that Officer Davis is entitled to qualified immunity.